IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEIL LEBARON and RUTH ANN LEBARON,<br><br>                    Plaintiffs,<br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00398-HCN-DBP<br><br>District Judge Howard C. Nelson<br><br>Chief Magistrate Judge Dustin B. Pead |

Pending before the court is Defendant Auto-Owners Insurance Company's Motion to Quash Plaintiff's Subpoena. (ECF No. 18.) Auto-Owners requests that the Subpoena be quashed, or in the alternative, significantly narrowed to "(1) the time frame during which the alleged water damage occurred to the roof and repairs thereafter, and (2) the subject matter of document production to only those documents that directly pertain to the alleged storm and claimed resulting damages." (ECF No. 18 p. 1.)

Plaintiffs bring claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The lawsuit arises from alleged storm damage to Plaintiffs' roof that occurred on June 18, 2018. (Compl., at ¶ 8.) Plaintiffs assert that Auto-Owners breached the property insurance policy by failing to pay for damages caused by the storm in addition to a number of other actions or omissions. (Compl., at ¶ 17.)

Auto-Owners hired Rinkus to investigate and determine the cause of the reported damage to the roof. Plaintiffs served Rinkus a subpoena requesting production of the following:

> 1. All documents relating to: (a) any damage; (b) claims; (c) inspections; (d) property reviews; (e) claim reviews; (f) appraisals; or (g) any work performed by you related to a claim for hail damage; that is related to any property in Salt Lake

    County and that is related to the hailstorm that occurred on or about June 18, 2018.
2. All documents related to the property located at 2991 Juliet Way, Cottonwood Heights, Utah (the "Property").
3. All documents related to any correspondence with Auto-Owners Insurance Company relating to the Property.
4. All contracts between Auto-Owners Insurance Company and Rimkus Consulting Group, Inc.
5. Any report or correspondence regarding the Property.
6. All regulations, manuals, standards, guidelines, codes, books, studies, references, or other documents that you relied on in generating any report or analysis of the Property.
7. All documents reflecting or evidencing requests for payment or receipt of payment for your work related to the Property.
8. All notes related to the Property.
9. All regulations, manuals, standards, guidelines, codes, books, studies, references, or other documents that you rely on to distinguish between functional and non-functional damage on a hail claim.

(ECF No. 18-1 p. 6.)

    On their face, these requests appear very broad and unduly burdensome. Requests seeking "all documents", "all contracts", "any report" and "all notes" without any time restrictions or some limits pertaining to the issues in this case, strike against Plaintiff's requirements found in Rule 45. Rule 45(d)(1) provides that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). *See, e.g., Evangelista v. Univ. of Phoenix*, 2017 WL 6209906, at *2 (D. Utah Dec. 7, 2017) (finding a subpoena that sought "all documents, all contracts, all sales literature and all manuals" exceptionally broad).

Despite the issues with these requests, Local Rule 45-1 provides that "Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow the procedure set forth in DUCivR 37-1." DUCivR 45-1. Rule 37-1 provides requirements for discovery disputes. These requirements include the parties making "reasonable efforts to resolve a discovery dispute", a motion that "should not exceed 500 words exclusive of caption and signature block", and a certification setting forth the parties' efforts, the date, time, and method of those reasonable efforts, and those who participated. The instant motion fails to comply with the requirements of Rule 37-1. The court, therefore, will deny the motion without prejudice and order the parties to meet and confer and seek to narrow the subpoena and resolve the dispute.

For the reasons set forth herein the court DENIES Defendant's motion without prejudice. The parties are ORDERED to meet and confer and seek to resolve the dispute. If necessary, any motion to quash must comply with Rule 37-1.

IT IS SO ORDERED.

DATED this 24 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge